# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN STEWART,<br><br>    Plaintiff,<br><br>    v.<br><br>CITY OF PORTERVILLE, et al.,<br><br>    Defendants.<br>_____/ | CASE NO. 1:10-cv-00199 LJO SKO<br><br>**ORDER GRANTING DEFENDANTS'**<br>**MOTION TO COMPEL DISCOVERY**<br><br>(Doc. 19.) |

## I. INTRODUCTION

On August 5, 2011, Defendants City of Porterville, Aaron Sutherland, and Mark Azevedo (collectively, "Defendants") filed a motion to compel based on Plaintiff John Stewart's ("Plaintiff") complete failure to provide responses to Defendants' outstanding discovery requests consisting of Interrogatories and Requests for Production of Documents ("RFPs"). (Doc. 19.) Plaintiff has not filed an opposition to the motion.

The Court has reviewed the motion and supporting documents and determined that this matter is suitable for decision without oral argument pursuant to Local Rule 230(g). For the reasons set forth below, Defendants' motion is GRANTED.

## II. DISCUSSION

**A.  Defendants' Interrogatories**

Federal Rule of Civil Procedure 33(b)(1)(B)(2) requires that, unless otherwise agreed upon, the responding party must serve its answers and any objections to interrogatories within thirty (30)

1

days after being served. Additionally, Rule 33(b)(1)(B)(3) and (5) require that each interrogatory, "to the extent it is not objected to, be answered separately and fully in writing and under oath" and signed by the answering party. Pursuant to Rule 33(b)(1)(B)(4), any untimely objection to the interrogatory is waived, unless the court excuses the failure for good cause.

Defendants' Interrogatories were served on Plaintiff on November 16, 2010, and no responses were filed within the 30-day deadline. (Doc. 19-2, ¶¶ 3-7, Exh. A.) As of August 4, 2011, despite letters sent by Defendants' counsel to Plaintiff's counsel, no responses had been received and the discovery requests remain outstanding. (Doc. 19-2, ¶¶ 3-7, Exh. C.) As such, the Court GRANTS Defendants' motion to compel Interrogatory responses and orders Plaintiff to serve written responses to Defendants' Interrogatories on or before September 2, 2011. All objections to the Interrogatories have been waived.

**B.     Defendants' Request for Production of Documents**

Pursuant to Federal Rule of Civil Procedure 34(a), a party may request production of documents. Rule 34(b)(2)(B) requires parties answering RFPs to "either state that inspection and related activities will be permitted as requested or state an objection to the request, including the reasons" in each response. If the party to whom the request was directed fails to appropriately respond, Rule 37(a)(1) allows the requesting party to "move for an order compelling disclosure or discovery."

Defendants' RFPs were served on November 16, 2010, and no responses were received by the 30-day deadline; further, Plaintiff has failed to respond to Defendants' counsel's letters requesting responses. (Doc. 19-2, ¶¶ 3-7, Exhs. B, C.) As Plaintiff has failed to provide responses, the Court GRANTS Defendants' motion to compel and orders Plaintiff to serve responses to Defendants' RFPs on or before September 2, 2011. All objections to the RFPs have been waived. If Plaintiff determines that there are no documents responsive to any given RFP, he shall so state in a written answer to the RFPs.

**C.     Attorney's Fees and Costs**

Pursuant to Rule 37(a)(5)(A), if a motion to compel discovery responses is granted, and if the Court gives the non-responsive party an opportunity to be heard, then the court "must . . . require

the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Defendants request attorney's fees for six hours at a rate of $140.00 per hour, totaling $840.00 to prepare this motion. (Doc.19-2, ¶ 7.)

Local Rule 251(e) provides that a party responding to a motion to compel discovery "shall file a response . . . not later than seven (7) days before the hearing date." Plaintiff was afforded an opportunity to be heard in opposition to Defendants' motion to compel and failed to file any response whatsoever. (*See also* Rule 37 advisory committee's note, 1993 amendments (an opportunity to be heard includes both written submissions and oral hearings).) Defendants' motion to compel has been granted, and the Court must require Plaintiff to pay Defendants' reasonable attorney's fees. Rule 37(a)(5)(A).

The Court finds, however, that the six hours requested by Defendants is excessive considering the straight-forward nature of this motion and the lack of opposition, and determines instead that three hours is a more reasonable amount of time. Accordingly, the Court ORDERS Plaintiff to pay Defendants' reasonable attorney's fees in the amount of $420 (three hours at $140.00 per hour).

Further, as Plaintiff's counsel has failed to provide any statement or response regarding Plaintiff's complete failure to respond to the discovery requests and has not responded to counsel for Defendants' letters regarding the discovery disputes, it is not clear to the Court if counsel's conduct, at least in part, necessitated the filing of this motion. As noted above, Rule 37(a)(5)(A) provides that if an attorney advises conduct that results in the necessity of an opposing party having to file a motion to compel discovery responses, then expenses incurred in bringing the motion, including reasonable attorney's fees, may also be imposed on the attorney whose conduct necessitated the filing of the motion.

Here, counsel for Plaintiff's conduct is especially concerning in light of counsel for Plaintiff's failure to contact Defendants' counsel regarding this dispute and failure to appear at witness depositions in this action. (Doc. 19-2, ¶¶ 5, 7.) As such, the Court ORDERS Plaintiff's attorney, Brian Edward Claypool of Claypool Law Firm, to file a statement with the Court by September 2,

2011, explaining, without divulging any privileged information, the efforts he made to respond to Defendants' discovery and why he should not be required to pay all or part of the reasonable attorney's fees to Defendants for Plaintiff's failure to respond.

### D.     Additional Sanctions

Defendants' motion also requests that Plaintiff be sanctioned and his case be dismissed for failing to respond to discovery. The Court finds that this request is premature as Plaintiff has not yet failed to respond to a Court order compelling discovery. Federal Rule of Civil Procedure 37(b)(1) provides that a party's failure to comply with a court's discovery order may be treated as contempt of court, and the court may order the imposition of sanctions. Sanctions that may be imposed include: (1) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims; (2) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters into evidence; (3) striking pleadings in whole or in part; (4) staying further proceedings until the order is obeyed; (5) dismissing the action or proceeding in whole or in part; or (6) rendering a default judgment against the disobedient party. Fed. R. Civ. P. 37(b)(2)(A)(i)-(vi).

The Court therefore ORDERS Defendants to file a status report by September 6, 2011, indicating whether Plaintiff has complied with this order and whether there are any disputes regarding the responses provided. Plaintiff is cautioned that failure to comply with the Court's order to provide discovery responses may result in a recommendation that this action be dismissed.[1]

### III.  CONCLUSION

Accordingly, IT IS HEREBY ORDERED THAT:

1.   Defendants' motion to compel responses to Interrogatories and Requests for Production of Documents is GRANTED;

---

[1] The Court notes that Defendants have a hearing set before District Judge Lawrence J. O'Neill on September 7, 2011, for a motion to dismiss due to Plaintiff's failure to prosecute. (Doc. 18.)

2      Plaintiff is ORDERED to serve written responses to Defendants' Interrogatories and Requests for Production of Documents by September 2, 2011;[2]

3.      Plaintiff is ORDERED to pay Defendants' attorney, John L. Rozier of Nelson & Rozier, reasonable attorney's fees in the amount of $420 within thirty (30) days of the date of this order;

4.      Plaintiff's counsel, Brian Edward Claypool of Claypool Law Firm, is ORDERED to file with the Court by September 2, 2011, a statement explaining the efforts he made to comply with Defendants' discovery requests and why he should not be responsible to pay all or part of the aforementioned reasonable attorney's fees awarded due to his client for failure to provide discovery responses; and

5.      Defendants are ORDERED to file a status report regarding Plaintiff's compliance with this order by September 6, 2011.

IT IS SO ORDERED.

**Dated:   August 25, 2011**                      /s/ Sheila K. Oberto
                                                  UNITED STATES MAGISTRATE JUDGE

---

[2] This date reflects the application of the Federal Rules of Civil Procedure 6(a)(1)(C), 6(a)(6)(A), and 6(d). Responses shall be served on Defendants by September 2, 2011; no additional days are to be added pursuant to Rule 6.

5