IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN STEWART,<br><br>           Plaintiff,<br><br>   vs.<br><br>CITY OF PORTERVILLE, AARON SUTHERLAND, MARK AZEVEDO,<br><br>           Defendants.<br>                                      / | CASE NO. CV-F-10-0199 LJO SKO<br><br>**ORDER ON MOTION TO DISMISS FOR FAILURE TO PROSECUTE** |

Defendants City of Porterville, Aaron Sutherland, and Mark Azevedo move to dismiss this action for failure to prosecute in violation of Fed.R.Civ.P. 41. Plaintiff did not file an opposition to the motion. Pursuant to Local Rule 230(g), this matter was submitted on the pleadings without oral argument, and the hearing set for September 7, 2011 was VACATED. Having considered the moving papers, as well as the Court's file, the Court issues the following order.

**FACTUAL BACKGROUND**

This action was filed on February 8, 2010 against the City of Porterville and its officers arising from plaintiff's arrest during a police response to a domestic disturbance complaint. (Doc.1, Complaint ¶1.) Plaintiff alleges he was subjected to excessive force during his arrest. Plaintiff alleges he was forced to the ground, put in a headlock, had knees forced and driven into this back, his neck was pulled back, and his head smashed into the concrete. He alleges he suffered a broken hip and leg and other physical and emotional injuries.

Defendants served interrogatories and requests for production of documents on plaintiff on

November 16, 2010. Plaintiff did not respond to any of the written discovery. Defendants attempted a written meet and confer in July 2011, but failed to receive any response from counsel. Defendants then sought a motion to compel responses. Plaintiff did not file an opposition to the motion to compel. The Court granted the motion on August 31, 2011.

Defendants noticed depositions of two percipient witnesses in February 2011. Neither plaintiff nor his counsel appeared at the depositions. Indeed, plaintiff has not noticed or taken any deposition. In short, plaintiff has not undertaken any discovery in this matter, and it is too late for plaintiff to do so. The July 21, 2010 Scheduling Order set discovery cut-off for June 1, 2011 and expert cut-off for August 17, 2011. The Pretrial Conference is set for January 11, 2012 and trial is set for February 27, 2012.

Defendants present some evidence that plaintiff is incarcerated for events arising from this case, and plaintiff's counsel has lost contact with plaintiff.

## ANALYSIS AND DISCUSSION

Fed.R.Civ.P. 41(b) authorizes dismissal of federal actions for plaintiff's failure to prosecute. Dismissal however is an extreme sanction. *Dahl v. City of Huntington Beach,* 84 F.3d 363, 366 (9th Cir. 1996) ("Dismissal ... is so harsh a penalty it should be imposed as a sanction only in extreme circumstances"). Rule 41(b) requires that federal actions be prosecuted with "reasonable diligence" in order to avoid dismissal. *Anderson v. Air West, Inc.*, 542 F.2d 522, 524 (9th Cir. 1976). A presumption of prejudice arises from a plaintiff's unexplained failure to prosecute. Thus, plaintiff has the initial burden of showing a nonfrivolous explanation for the delay. *See Laurino v. Syringa Gen. Hosp.*, 279 F.3d 750, 753 (9th Cir. 2002). Granting or denial of involuntary dismissal rests in the sound discretion of the court and is reviewable only for abuse of discretion. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 633, 82 S.Ct. 1386, 1390 (1962).

The following factors usually are considered in deciding whether to dismiss for failure to prosecute:

- the public's interest in expeditious resolution of litigation;
- the court's need to manage its docket;
- the risk of prejudice to defendants;
- the public policy favoring disposition of cases on their merits; and

• the availability of less drastic alternatives.

*Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999). Other factors considered are length of delay, stage of proceedings, warnings to plaintiff, and excuses given. *See Laurino v. Syringa Gen. Hosp.*, 279 F.3d 750, 753 (9th Cir. 2002) ("young" cases should not be dismissed); *Link,* 370 U.S. at 634–635, 82 S.Ct. at 1391 (The court may consider the entire procedural history of the case, including earlier delays attributable to the nonmoving party); *Nealey v. Transportacion Maritima Mexicana, S.A.*, 662 F.2d 1275, 1280 (9th Cir. 1980) (A weak excuse may suffice if there has been no prejudice: an exceedingly good one might still do, even where there has been some.")

The delay by plaintiff prejudices defendants. The charges against defendants are serious allegations of intentional wrongdoing. Failure to respond to discovery jeopardizes the accurate collection of witnesses' memories and undermines defendants' ability to gather evidence in their defense. Further, this case is not a "young" case. Non-expert discovery closed months ago. The date for disclosure of experts and expert discovery has also passed. Plaintiff has not designated experts, even though this is an "expert case." Despite defense counsel's repeated requests, plaintiff's counsel has failed to communicate in any way. Indeed, some evidence shows that plaintiff's counsel has lost contact with plaintiff. Plaintiff has not responded to the pending motions, and has not offered any excuse for failing to answer discovery. The evidence shows that plaintiff simply has abandoned his litigation. It is prejudicial to require defendants to defend themselves against a plaintiff who has no interest in continuing the litigation.

Further, a less dramatic sanction is not warranted. There has been no communication from plaintiff's side, from either counsel or plaintiff, in over a year. Two motions have been filed in this Court, and plaintiff and plaintiff's counsel did not respond in any fashion. (See Doc. 18 and 19.) Plaintiff has not responded to discovery, has not participated in depositions, and has not responded to this Court. Plaintiff fails to rebut the presumption of prejudice from the failure to prosecute. *Anderson*, 542 F.2d at 525. Counsel and this Court simply are unable to focus plaintiff on prosecuting this case. Therefore, a less drastic sanction is not warranted.

Dismissal in this case serves the public interest in expeditious resolution of litigation, as well as the court's need to manage its docket. This Court's docket is overburdened with in excess of 1300 cases

with each addressing significant and important legal issues and facts as in the current case.  The Court does not have the resources to manage delay and mitigate prejudice in a particular case.  Plaintiff's conduct interferes with the Court's docket management and the public interest in effective resolution.

Considering all of the factors, dismissal is warranted.  Plaintiff has unduly delayed in prosecuting this case, unfairly clogging this Court's overburdened case load and creating prejudice to defendants. No lesser sanction is warranted because no prior effort has spurred plaintiff into action.

## **CONCLUSION**

For the foregoing reasons, the Court GRANTS the motion to dismiss for failure to prosecute.

The Clerk of the Court is directed to enter judgment in favor of Defendants City of Porterville, Aaron Sutherland, and Mark Azevedo and against plaintiff John Stewart.

This Court retains jurisdiction to enforce any sanction award made in this case.

IT IS SO ORDERED.

**Dated:   September 6, 2011**              /s/ Lawrence J. O'Neill
                                                                    UNITED STATES DISTRICT JUDGE